# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4093

_____

| | | |
|---|---|---|
| Robert Wayne Eddy, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| P. W. Keohane, Warden, Medical | * | District of Missouri. |
| Center for Federal Prisoners, | * | |
| Springfield, Missouri, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:  November 22, 2000

Filed:   November 28, 2000

_____

Before WOLLMAN, Chief Judge, LOKEN, and MORRIS SHEPPARD ARNOLD,
Circuit Judges

_____

PER CURIAM.

Robert Eddy, a federal inmate, appeals the district court's[1] order granting
summary judgment in favor of Warden P. W. Keohane of the Medical Center for

_____

[1]The Honorable Russell G. Clark, United States District Judge for the Western
District of Missouri.

Federal Prisoners in Springfield, Missouri, in Mr. Eddy's <u>Bivens</u>[2] action.  Initially, having carefully reviewed the record, we reject Mr. Eddy's contention that the district court ruled prematurely on Warden Keohane's summary judgment motion.  We also conclude that the adverse grant of summary judgment was proper.  First, we agree with the district court that Mr. Eddy failed to exhaust administrative remedies, as mandated by 42 U.S.C. § 1997e(a).  <u>See</u> <u>Castano v. Nebraska Dep't of Corrections</u>, 201 F.3d 1023, 1025 (8th Cir.) ("[W]e are not free to engraft upon [§ 1997e(a)] an exception that Congress did not place there."), <u>cert. denied</u>, 121 S. Ct. 266 (2000).  Second, we agree with the court that the <u>Bivens</u> claim lacks merit:  Mr. Eddy failed to rebut the evidence indicating that he was not deprived of medical care as alleged, and that Warden Keohane was not personally involved in any of the complained-of conduct.  <u>See</u> <u>Chelette v. Harris</u>, No. 99-1759, 2000 WL 1496624, at **2-3 (8th Cir. Oct. 10, 2000) (failure to exhaust administrative remedies under § 1997e does not deprive federal court of jurisdiction); <u>Buford v. Runyon</u>, 160 F.3d 1199, 1203 n.7 (8th Cir. 1998) (<u>Bivens</u> actions cannot be premised on respondeat superior liability; defendants are liable for their personal acts only).

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]<u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).